HUBBART, Judge.
The defendant Aaron Adirim appeals from a contempt of court judgment and contends that the evidence is insufficient to support the judgment. We agree and reverse.
On February 21, 1975, the City of Miami filed an action in the Circuit Court for the Eleventh Judicial Circuit of Florida seeking to enjoin the defendant Adirim from operating a commercial waste collection business within the city of Miami for failure to obtain a city waste collection license. The trial court after appropriate hearings issued a temporary injunction[1] and later a permanent injunction restraining the defendant Adirim from operating a waste collection business in the city of Miami without an appropriate license.
On February 26, 1975, the City of Miami filed a motion for a rule to show cause why the defendant Adirim should not be held in contempt of court for violating the temporary and permanent injunctions entered by the court, attaching an affidavit alleging that Adirim was operating his waste collection business in defiance of the injunctions. The trial court issued an appropriate rule to show cause against the defendant Adirim and an evidentiary hearing was held. At the conclusion of the hearing, the trial court adjudged Adirim in contempt of court as charged and sentenced him to thirty days in the county jail. This appeal follows.
It is the established law of this state that a criminal contempt proceeding is maintained solely to vindicate the authority of the court or to punish conduct offensive to the public in violation of a court order. Customarily, when imprisonment is ordered, it is generally for a fixed, rather than an indefinite term and is administered as punishment for an act rather than as coercion to compel the contemnor to do something which he has previously failed to do. Civil contempt, by contrast, is coercive rather than punitive in nature. Its purpose is to coerce action or non-action and its orders imposing imprisonment are indefinite without fixed term, but providing for termination of the sentence upon the contemnor’s purging himself of the contempt. In that sense, it is said that the civil contemnor carries the keys to his jail cell in his pocket. A person charged with criminal contempt is presumed to be innocent and his guilt must be proven beyond a reasonable doubt before he can be convicted. Pugliese v. Pugliese, 347 So.2d 422 (Fla.1977) (filed June 9,1977); Demetree v. State ex rel. Marsh, 89 So.2d 498 (Fla.1956).
Measured by these standards, the contempt proceeding in the instant case was criminal in nature. Its purpose was to punish conduct allegedly committed in violation of a court order, not to compel action or non-action by the contemnor in the future. Moreover, the defendant Adirim was sentenced to a fixed jail term with no provision for purging himself of the contempt. In no sense did he carry the keys to his cell in his own pocket. As such, the defendant Adi-rim was presumed innocent of the criminal contempt charge in this case and his guilt was required to be proven beyond a reasonable doubt before he could be convicted. The proofs presented in this case fall far short of that standard of proof.
Only one witness testified at the contempt hearing. Viewed in a light most favorable to the contempt judgment, this witness’ testimony established that two unidentified men drove the defendant’s trash collection truck into the back of a business establishment in Miami, collected the trash *1228 left for pickup by the business, and drove off. No evidence was ever adduced to show that the defendant Adirim participated in this trash pickup, or authorized it, or was even aware of it. Nor was it established that the two unidentified men worked for the defendant or that the defendant was compensated by the business establishment for the trash pickup. In the absence of such proof, it cannot be said that the defendant was operating a trash collection business in the city of Miami in violation of the court’s permanent injunction. Certainly, the defendant’s guilt was not established beyond a reasonable doubt.
The contempt order is reversed and the cause remanded to the trial court with directions to discharge the defendant Adirim from the cause.

. In a proceeding not relevant here the defendant Adirim was adjudged in contempt of the temporary injunction and given a $500 fine or fifteen days in jail. Adirim did not appeal this contempt order.