409 So.2d 127 (1982)
John A. CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 81-421.
District Court of Appeal of Florida, Fifth District.
January 27, 1982.
*128 James B. Gibson, Public Defender, and Julianne Piggotte McLarty, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
John A. Carter appeals from an order finding him in continuing civil contempt of the trial court for failure to furnish handwriting samples as ordered and challenges the legality of the sentence upon the contempt. We affirm.
Carter was charged with making written threats to kill or do bodily injury to another, in violation of section 836.10, Florida Statutes (1979). The court, upon the State's motion, ordered Carter to execute handwriting samples and furnish them to the State. Carter refused to execute the handwriting samples and the State filed a petition with the court seeking to have the court hold Carter in contempt for failure to comply with the order. The court issued an order to show cause and subsequently rendered an order reciting the above facts and finding Carter to be in continuing civil contempt of court. The order sentenced him to serve 90 days in the county jail, with a provision for purging by execution of the handwriting samples; if Carter had not executed the samples by then, he was to be returned before the court and sentenced to another 90 days under the same terms. The pattern of resentencing was to continue until Carter complied with the order.
Carter did not purge himself of the contempt, and in 90 days he was returned before the court for resentencing. At that time, defense counsel suggested that the original use of civil contempt was inappropriate, arguing that only criminal contempt was available in criminal cases, and requested that new criminal contempt proceedings be instituted. The court recognized that the purpose of the proceedings was to enforce the court's order and refused to allow new proceedings to be instituted, instead treating the hearing as a continuation of the first proceeding. Defense counsel admitted that the order had not been complied with, so the court found Carter "in indirect contempt of court, in direct criminal contempt" and orally sentenced him to serve 90 days with provision for purging. The court's written sentence, however, recited that the court found Carter to be in continuing civil contempt and sentenced Carter to another 90 days under the repeating 90 day sentence provision of the first civil contempt order. Carter appeals from this sentence.
The purpose of civil contempt proceedings is to preserve and enforce the rights of parties to suits and to compel obedience to orders and decrees made for the benefit of such parties; the proceedings are generally remedial and civil in nature. Deter v. Deter, 353 So.2d 614 (Fla. 4th DCA 1977); In re S.L.T., 180 So.2d 374 (Fla. 2d DCA 1965). Since the general purpose of civil contempt is to coerce action or inaction, orders directing confinement must provide for release upon the contemnor's purging himself of contempt and are generally indefinite without a fixed term. Demetree v. State ex rel. Marsh, 89 So.2d 498 (Fla. 1956); Adirim v. City of Miami, 348 So.2d 1226 (Fla. 3d DCA 1977). The purging provision is essential to confinement for civil contempt. State ex rel. Byrd v. Anderson, 168 So.2d 554 (Fla. 1st DCA 1964).
Criminal contempt, on the other hand, is maintained solely to vindicate the authority of the court or to punish conduct in violation of a court order. Demetree; Adirim. The purpose of criminal contempt proceedings is punishment, rather than coercion; punishment for criminal contempt may be by fine or imprisonment or both, but the terms and amounts must be definitely stated.[1]Satterfield v. Satterfield, 39 So.2d 72 *129 (Fla. 1949); In re S.L.T. No provision for purging is required. In re S.L.T.[2]
The order finding appellant to be in contempt of court and sentencing him therefor provides that he is to remain in jail for 90 days or until he complies with the court order; if at the end of that 90 days he has not complied, he is to be sentenced to another 90 days under the same conditions. The order provides that this pattern of resentencing will continue until appellant complies with the court order. Thus, in effect, the order is an indefinite sentence with provision for purging, as is proper for a civil contempt. Successive resentencing for the same offense would be constitutionally impermissible as punishment for a criminal contempt.
Appellant argues that, since he was found to be in criminal contempt of court, the indefinite sentence is improper. This would be true if, in fact, appellant was guilty and culpable only for a criminal contempt. However, the sentence attacked in this appeal is part of the valid continuing indefinite sentence with provision for purging for the appellant's indirect civil contempt of court, the purpose of which is to coerce him into complying with the court's order. The court's use of the word "criminal," while incorrect, is not controlling. Likewise, the court's use of the term "sentence" to describe what was in substance the imposition of confinement upon appellant for his civil contempt is not controlling. Appellant also argues that, since this is a criminal case, criminal contempt was the only contempt available to the trial judge. This argument is incorrect; both civil and criminal contempt are available in both civil and criminal cases. The determination of whether contempt proceedings are civil or criminal goes to the nature of the contemptuous acts and the purpose of the proceedings (coercion or punishment or both) and is not dependent on the nature of the cause from which the contempt citation arose. Deter; In re S.L.T. The trial judge during the hearing specifically refused to terminate the civil contempt proceedings and to institute criminal contempt proceedings upon the appellant's request. The written order accurately reflects the trial judge's intention to coerce compliance by the appellant and, as a disposition in a civil contempt proceeding, it is correct. The order finding Carter in contempt and confining him for the purpose of compelling compliance with the court's order is
AFFIRMED.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] Aaron v. State, 284 So.2d 673 (Fla. 1973), holds that a criminal contemnor may receive a maximum sentence of six months if no jury trial is had on the criminal contempt, and one year if jury trial is held.
[2] Also, greater procedural due process safeguards are applicable to criminal contempt. See State ex rel. Coody v. Muszynski, 404 So.2d 165 (Fla. 5th DCA 1981); Fla.R.Crim.P. 3.830, 3.840.