PER CURIAM.
We affirm the trial court’s judgment adjudicating appellant, an attorney, guilty of indirect criminal contempt for failure to appear at the scheduled time of a nonjury trial.
The appellant conceded at the contempt hearing that he was aware of the time of the scheduled trial, and he provided no evidence that his failure to appear resulted from forgetfulness.
We cannot say that the record could not support the trial court’s apparent conclusion that appellant took it upon himself to decide that the judge could deal with other matters at that scheduled time and that therefore appellant need not timely appear. Generally, the mere failure of an attorney to timely appear before a trial judge will not support a criminal contempt conviction. In this case, however, the evidence, in the form of appellant’s own testimony, does not appear to be insufficient to support the court’s conclusion that the attorney’s conduct “was calculated to embarrass, hinder and obstruct the court in the administration of justice and was calculated to lessen the court’s authority or dignity.”
*259 Also, the record does not show that the trial judge erred in failing to disqualify himself. Rule 3.840(a)(5), Florida Rules of Criminal Procedure, provides for the disqualification of a trial judge from presiding over a contempt proceeding “[i]f the contempt charged involves disrespect to or criticism of” that judge. “A judge need not recuse himself simply because the contempt was committed against him or a court of which he is a member. Further, a judge generally is not disqualified merely because he initiated the contempt proceedings.” Bryant v. State, 363 So.2d 1141, 1144 (Fla. 1st DCA 1978). Nothing in the record before us demonstrates that appellant’s obstruction of the court in the administration of justice, as found by the trial court here, constituted personal disrespect for a judge of that court as contemplated by rule 3.840(a)(5).
RYDER, C.J., LEHAN, J., and SAND-ERLIN, JAMES B., Associate Judge, concur.