ORFINGER, Judge.
The former husband appeals from an order adjudicating him in civil contempt for failure to pay his portion of a joint Master-card indebtedness as required by the property settlement agreement incorporated into and made a part of the final judgment dissolving the marriage between the parties. We reverse.
Not only is the order procedurally defective because it fails to find that the appellant presently had the ability to comply with the order and willfully failed to do so, Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985), and additionally because it fails to contain a provision by which the contemnor may purge himself of the contempt, Starchk v. Wittenberg, 411 So.2d 1000 (Fla. 5th DCA 1982), but it is also substantively defective in that it purports to use the contempt power of the court to compel the husband to pay a debt due to a third party. See State ex rel. Cahn v. Mason, 148 Fla. 264, 4 So.2d 255 (1941); Marks v. Marks, 457 So.2d 1137 (Fla. 1st DCA 1984); Schminkey v. Schminkey, 400 So.2d 121 (Fla. 4th DCA 1981). Nothing in the property settlement agreement incorporated into the final judgment indicates that the provision requiring the payment of this indebtedness is anything other than a division of property.
*851 The order adjudging appellant in contempt is
REVERSED.
COBB, C.J., and DAUKSCH, J., concur.