565 So.2d 709 (1990)
Charles D. ROUTH, Appellant,
v.
Kathy ROUTH, Appellee.
No. 88-2507.
District Court of Appeal of Florida, Fifth District.
May 10, 1990.
On Motion for Rehearing August 23, 1990.
Joseph W. DuRocher, Public Defender, and Louis Lorincz, Chief Asst. Public Defender, Orlando, for appellant.
No appearance, for appellee.
*710 PETERSON, Judge.
Charles Routh appeals a judgment finding him in indirect criminal contempt for failure to pay child support and awarding attorneys fees and costs to his former wife. We find merit only in the appeal of the award of attorneys fees and costs and reverse on that issue.
The judgment finding Routh guilty of indirect criminal contempt contained an award of $800 in attorneys fees and $105 in costs to Routh's former wife. Neither the Florida Statutes nor the Florida Rules of Criminal Procedure provide any assistance in determining whether attorneys fees and costs can be awarded to a private individual in a criminal contempt proceeding. The Fourth District Court of Appeal addressed the issue of attorneys fees in criminal contempt actions in Anderson v. City of Wilton Manors, 490 So.2d 1313 (Fla. 4th DCA 1986). Judge Glickstein's concurring opinion discussed the difference between the concepts of civil and criminal contempt when that court affirmed the trial court's denial of a motion for attorneys fees to a municipality. The concept applicable in that case, as well as the instant case, is that "a contempt proceeding criminal in nature is instituted solely and simply to vindicate the authority of the court or otherwise punish for conduct offensive to the public in violation of an order of the court." Demetree v. State ex rel. Marsh, 89 So.2d 498 (Fla. 1956). A judgment of guilt of criminal contempt should, therefore, not inure to the benefit of a private individual.
We recognize the appointment by the court of the former wife's counsel to prosecute Routh for criminal contempt and its authority to do so under Rule 3.840(a)(4), Florida Rules of Criminal Procedure. That rule allows the trial judge to determine whether the judge will conduct the hearing without the assistance of counsel, whether the state attorney will assist the court, or whether an attorney will be appointed for that purpose. If the court chooses to appoint an attorney, the manner of his compensation should be considered prior to the appointment.
The only other issue on appeal that we feel would have merit, had we found that the court ordered it, was the allegation by Routh that the court confiscated $70 found on Routh's person at the time he was found in contempt and that the $70 was turned over to the wife. We find nothing in the record to indicate that the trial court confiscated the cash and awarded it to the wife. The only mention of the $70 in the record before us was in that portion of the Judgment and Sentence simply indicating that Routh had $70 on his person when he was remanded.
We reverse paragraph four of the Judgment, Sentence, and Commitment for Indirect Criminal Contempt awarding $800 attorneys fees and $105 costs, but affirm in all other respects.
AFFIRMED in part; REVERSED in part.
COWART, J., concurs.
HARRIS, J., dissents with opinion.
HARRIS, Judge, dissenting.
I dissent. Not as a criticism of the wellreasoned majority opinion which I believe accurately states the present law on the subject enunciated by the Anderson decision cited by the majority,[1] but because I consider the result approved by the majority and dictated by current law to be unfair and unreasonable. I hasten to acknowledge that what is legal or "the law" is not always fair or reasonable, but I believe it is our duty as judges to merge these concepts whenever possible. In my opinion, it is possible in this case.
This is not a case in which a supersensitive judge wished to "vindicate the authority of the court;" here, it was a frustrated judge who had tried civil contempt on three separate occasions to convince a recalcitrant father that he should indeed make a *711 reasonable effort to pay minimal support for his three children. It is clear that the judge was not personally affronted. He agreed with the mother that more coercive measures were required to effect an attitude adjustment in the father.[2] He did not appoint the state attorney or a private lawyer at random to "uphold the dignity of the court;" he appointed the mother's lawyer who was familiar with the case to present the father's prior performance and his financial ability for the court to review.
I do not believe that the issue of contempt in domestic cases can best be resolved by the historical dichotomy of contempt  civil vs. criminal. While a distinction is necessary to assure due process, once criminal contempt is established the judge should be free to pattern the punishment to resolve the underlying problem.
Without any statistical proof, I nevertheless suggest that the great majority of criminal contempt cases heard by trial judges originate in domestic situations. If the judge elects in those cases to appoint the opposing party's counsel to "represent the court" for the purpose of efficiency and promptness, such opposing party should not be required to bear the cost as is mandated by this decision. This is not a case in which a private individual is benefited from a criminal contempt by receiving her costs and attorneys fees; such individual is merely being reimbursed for the costs and fees that she has advanced for the benefit of the State, legitimate costs of the action in this "criminal prosecution."
The legislature has mandated that "in all criminal cases the costs of prosecution ... shall be included and entered in the judgment rendered against the convicted person."[3] (Emphasis added.) Failure to do so requires record reasons.[4]
In this case, in lieu of a fine which would certainly be appropriate, the court merely charged the costs of prosecution directly to the defendant. In so doing, he did not "benefit" a private individual; he merely reimbursed her, without interest, the moneys she had advanced to pursue the matter. If this isn't "legal," the legislature should certainly consider the matter. For too long private individuals in domestic cases have been required to pay for maintaining "the dignity of the court."

ON MOTION FOR REHEARING
Charles Routh moves for rehearing in Routh v. Routh, 565 So.2d 709 (Fla. 5th DCA 1990), only as to the issue of the trial court's confiscation of $70 from Routh's person at the time he was found in criminal contempt of court. He brings to our attention that the transcript of the sentencing hearing indicates that, upon the oral order of the court, Routh turned over $70 to the clerk in partial payment of child support. However, the written Judgment and Sentence, in contrast, indicated that Routh had $70 on his person when he was remanded.
This is a criminal contempt proceeding, and the principle of Lester v. State, 563 So.2d 178 (Fla. 5th DCA 1990), is applicable. Since the written judgment conflicts with the oral pronouncements at sentencing, a factual resolution of the conflict by the trial court is required. Wilkins v. State, 543 So.2d 800 (Fla. 5th DCA), rev. denied, 554 So.2d 1170 (Fla. 1989). During the factual resolution, the trial court should be mindful of the procedures to be followed in forfeiture proceedings. State ex rel. Roque v. Criminal Court of Record of Hillsborough County, 150 Fla. 285, 7 So.2d 131 (Fla. 1942); §§ 932.701, et seq., Fla. Stat. (1989).
We recede from our earlier opinion only as to the issue of confiscation of the $70 and remand for the factual resolution of the conflict between the oral and written pronouncements.
REMANDED.
HARRIS, J., concurs.
*712 COWART, J., dissents without opinion.
NOTES
[1] The writer of the specially concurring opinion in Anderson challenged the dissenting judge to explain how the majority's reasoning, substantially the same as in the present majority opinion, was in error. I wished to respond to that challenge in this opinion but determined, as I presume the Anderson dissenter did, that the majority's logic was impeccable. It was the result that was flawed.
[2] It appears to me that in this case, as in most domestic cases, while the punishment of willful disregard of a court order is the justification for criminal action, future compliance is the true motivation.
[3] § 939.01(1).
[4] § 939.01(2).