574 So.2d 262 (1991)
John LAMB, Appellant,
v.
R. Dean FOWLER, Appellee.
No. 90-1286.
District Court of Appeal of Florida, First District.
February 6, 1991.
Ron Roderick, Perry, for appellant.
Gregory S. Parker, Perry, for appellee.
ZEHMER, Judge.
John Lamb appeals a final judgment awarding R. Dean Fowler attorney's fees of $3,476.07 and $120.00 in costs, imposed as a fine and sanction pursuant to a previous order holding Lamb in contempt of court. Since the order may be treated either as one for civil contempt or as one for criminal contempt, we reverse and remand for further proceedings.
Fowler filed a civil complaint for injunctive relief, alleging that Lamb threatened to harm him and to burn his property. The trial court ultimately entered a final judgment granting Fowler permanent injunctive relief restraining Lamb from engaging in such conduct, and retained jurisdiction to enter further orders. Thereafter, on Fowler's motion, the trial court ordered Lamb to show cause why he should not be held in contempt of court for failing to comply with the terms of the injunction. After a hearing before the judge without a jury, the trial court adjudged Lamb in contempt, but stated that the court had permitted the action to proceed "as an action for indirect criminal contempt." The trial court subsequently entered an order imposing a sentence *263 of 30 days' imprisonment, but stayed the sentence "from day to day, week to week, and month to month, conditioned upon scrupulous obedience by John Lamb to the Order of Restraint...." Pursuant to retained jurisdiction for this purpose, the trial court heard and granted Fowler's motion for sanctions, fines, attorney's fees and costs, and awarded the previously stated attorney's fees and costs "as a fine and sanction totalling $3596.07 for the contempt of Court adjudged by this Court's order dated September 5, 1989... ."
Lamb contends the trial court erred in making this award because the order of contempt indicates that the action proceeded as one for indirect criminal contempt, not civil contempt, and then points to legal authority holding that an award of attorney's fees cannot be ordered as further punishment in a criminal contempt proceeding.
We agree with Lamb that if the lower court's order of contempt was properly entered for indirect criminal contempt, rather than for civil contempt, the award of attorney's fees for Fowler's attorney would have been improper. See Routh v. Routh, 565 So.2d 709, 710 (Fla. 5th DCA 1990) (the trial court could not award fees and costs to the wife's attorney who prosecuted the husband for indirect criminal contempt because "a judgment of guilt of criminal contempt ... should not inure to the benefit of a private individual"). On the other hand, it is now well established that the court is empowered, in its discretion, to assess fines and award attorney's fees and costs as sanctions for civil contempt. South Dade Farms v. Peters, 88 So.2d 891, 899 (Fla. 1956) ("We are of the view that in a proper case there is adequate precedent to support the imposition of a `compensatory fine' in civil contempt proceedings."); IBIS Construction Co. v. Sinclair, 406 So.2d 510 (Fla. 3d DCA 1981) (where the finding that the appellant was guilty of civil contempt was supported by the evidence, the assessment of a compensatory fine that included the appellee's attorney's fees was justified by the circumstances and the applicable law). See also Johnson v. Bednar, 573 So.2d 822 (Fla. 1991).
Although the order of contempt in this case referred to the proceeding as one for indirect criminal contempt, we conclude that the order imposing imprisonment but staying its effect on certain conditions may nevertheless be treated as one for civil contempt rather than indirect criminal contempt. In Demetree v. State ex rel. Marsh, 89 So.2d 498 (Fla. 1956), the supreme court defined the difference between the nature of punishment imposed in civil contempt proceedings and that imposed in criminal contempt proceedings, stating:
In its broadest aspects a civil contempt order is sought by a party to the cause and entered by the court for the private benefit of the offended party. While imprisonment may be adjudged in a civil contempt proceeding, it is coercive rather than punitive in nature. Customarily when imprisonment is ordered for a civil contempt its continuance is made contingent upon compliance with the order of the court and when the contemnor has so complied he is released from prison. The sentence is usually therefore indefinite and not for a fixed term. It is for this reason that in civil contempt it has been said that the contemnor "`carries the key of his prison in his own pocket.'" In re Nevitt, 8 Cir., 117 F. 448, 451, 461, 54 C.C.A. 622. He can end the sentence and discharge himself at any moment by doing what he had previously refused to do.
In a civil contempt proceeding an offended party to the cause is primarily seeking relief, personal and private to himself, as distinguished from punishment for conduct offensive to the public or disrespectful to the court and its authority. On the other hand, a contempt proceeding criminal in nature is instituted solely to vindicate the authority of the court or otherwise to punish for conduct offensive to the public in violation of an order of the court. Customarily when imprisonment is ordered it is generally for a fixed term and is administered as punishment for an act committed rather than as coercion to compel the contemnor to do something which he has theretofore failed and refused to do. .. .
89 So.2d at 501. See also Anderson v. City of Wilton Manors, 490 So.2d 1313, *264 1315 (Fla. 4th DCA 1986) (Judge Glickstein, concurring specially and citing Demetree, stated that the trial court correctly characterized the contempt order as one of criminal contempt where "[i]t did not hold out a carrot and a stick, as civil contempt orders generally do; rather it provided punishment, period.").
Upon finding Lamb in contempt of court, the trial court imposed the following penalty:
Upon consideration, it is ORDERED that as sentence for his contempt, John Lamb be committed to the custody of the Sheriff of Taylor County to be confined by him for 30 days. It is further ORDERED that the above and foregoing sentence is hereby stayed from day to day, week to week, and month to month, conditioned upon scrupulous obedience by John Lamb to the Order of Restraint issued by this Court on September 20, 1988.
(Emphasis added). The emphasized language in the order permits Lamb to avoid imprisonment upon altering his conduct and complying with the injunction. Its legal effect, therefore, served to coerce Lamb's compliance while leaving the key in his pocket. Demetree, supra. Treating Lamb's conduct as civil contempt, the trial court could properly award attorney's fees and costs as sanctions to indemnify Fowler for having to seek further relief in court to enforce the Order of Restraint. Johnson v. Bednar, supra. South Dade Farms, supra; IBIS Construction Co., supra.
Because of the apparent uncertainty on the record before us as to the true intent of the trial court, we reverse the award of attorneys' fees and costs with leave to reinstate the award upon remand after clarification by the trial court regarding whether it intended to impose civil or indirect criminal contempt.
REVERSED AND REMANDED.
ERVIN and NIMMONS, JJ., concur.