578 So.2d 860 (1991)
James P. DOWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-250.
District Court of Appeal of Florida, Fifth District.
May 2, 1991.
*861 Joseph W. DuRocher, Public Defender, and Louis Lorincz, Chief Asst. Public Defender, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
We reverse the appealed order in this case because it confuses in one order concepts of criminal and civil contempt and fails to conform to legal requirements relating to each concept.
In the context of a civil domestic case the appealed order, entitled order "On Hearing to Show Cause for Indirect Criminal Contempt", adjudicates the defendant-husband-father in indirect criminal contempt for failure to obey a prior order to pay child support, places the defendant on probation and, apparently as conditions of that probation, requires the defendant to pay 50% of his entire income to his former wife as and for child support. Apparently as further conditions of that probation, the order directs the defendant to either (1) convey to his ex-wife the defendant's interest in the prior marital home in exchange for child support arrearages, or (2) in the alternative, to pay a certain sum of money for child support arrearages and pay $500 to the attorney prosecuting the indirect criminal contempt charges and to pay certain attorney's fees previously awarded the same attorney for legal services to the ex-wife.
First, the award of attorney's fees for prosecution of criminal contempt charges improperly skews the decision making process and is without authority. Routh v. Routh, 565 So.2d 709 (Fla. 5th DCA 1990).
Second, the requirement that the defendant convey his interest in the prior marital home as payment of delinquent child support improperly attempts to circumvent the legal procedure of reducing the child support arrearages to a money judgment and levying execution on the judgment and otherwise improperly coerces the defendant to waive legal rights.
Third, those aspects of the order which attempt to force the defendant to comply with prior adjudication beneficial to the ex-wife and children are in the nature of civil contempt remedies and must contain purge provisions. Demetree v. State ex rel. Marsh, 89 So.2d 498 (Fla. 1956); Seaboard Air Line R. Co. v. Tampa Southern R. Co., 101 Fla. 468, 134 So. 529 (1931); Broyles v. Broyles, 573 So.2d 357 (Fla. 5th DCA 1990); Allman v. Johnson, 488 So.2d 884 (Fla. 5th DCA 1986); Carter v. State, 409 So.2d 127 (Fla. 5th DCA 1982); Coody v. Muszynski, 402 So.2d 81 (Fla. 5th DCA 1981). The requirement of a purge provision as an adjunct to civil contempt coercion cannot be avoided by making the desired action a condition of probation as to a criminal contempt charge.
Fourth, the order makes no finding as to the defendant's power to comply with the order, or alternatively, as to the criminal contempt, that the husband previously had the power to comply but intentionally divested himself of that ability through his fault or neglect with the design to thwart and frustrate the court order. Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985); Broyles, 573 So.2d at 357.
*862 Fifth is the mixture in the order of civil and criminal procedures and remedies. The purpose of criminal contempt is to vindicate the authority of the court and to punish and deter conduct which intentionally and unlawfully assails, disparages, discredits, or disregards the authority of the court. Criminal contempt proceedings are subject to court rules in criminal cases and constitutional limitations applicable to criminal cases including the due process requirement of a burden of proof "beyond a reasonable doubt." Civil contempt on the other hand, requires a lower standard of proof and is a special remedy of an equity court to coerce obedience to its orders which direct a civil litigant to do or abstain from doing an act or acts which the equity court has adjudicated that some other litigant is equitably entitled to have done or not done. While a particular proceeding may comply with all legal prerequisites for both civil and criminal contempt the two separate concepts should not be mixed as they may result in the confusion found in the instant order. Cf. Contella v. Contella, 557 So.2d 880 (Fla. 5th DCA 1990); see also Carter, 409 So.2d at 127, and 11 Fla. Jur.2d, Contempt, § 3 (1979).
The order in the instant case is vague and indefinite and fails to meet requirements relating to each type of contempt. The appealed order is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
COWART and DIAMANTIS, JJ., concur.
GRIFFIN, J., concurs in result only.