GRIFFIN, Judge.
We find no error in the trial court’s several findings[1] concerning appellant’s contemptuous failure to comply with the final judgment of dissolution and subsequent court orders. However, because this was a civil contempt proceeding, in each instance the trial court was bound to make a finding of appellant’s present ability to comply with these obligations and to identify plainly what appellant must do to purge his contempt.[2] See, e.g., Bowen v. Bowen, 471 So.2d 1274 (Fla.1985); Robbins v. Robbins, 429 So.2d 424 (Fla. 3d DCA 1983). No such findings are contained in the order, which requires reversal. Similarly, the portion of the order awarding fees impermissibly lacks any findings justifying the award or the amount. See Hosseini v. Hosseini, 564 So.2d 548 (Fla. 1st DCA 1990).
REVERSED and REMANDED.
COBB and DIAMANTIS, JJ., concur.

. Based on our analysis of the child support payment records, we question whether appellant was in arrears and are further skeptical that the amount contained in the order is correct; nevertheless, absent a record of the December 11, 1989 hearing, we must approve this finding.

. As drafted, the order requires performance of acts that manifestly cannot be performed while appellant is incarcerated. We also observe that certain conduct of appellant, such as refusal to obey the court’s order not to disparage appellee, visitation drop-off and pick-up violations, and tardy support payments are better suited to a criminal contempt proceeding. This remedy also would not require the proof or findings by the trial court that are lacking in the appealed order. See Contella v. Contella, 557 So.2d 880 (Fla. 5th DCA 1990).