DIAMANTIS, Judge.
This is an appeal from two orders finding the appellant/ex-husband in willful civil contempt for not paying certain marital debts of the parties as ordered in the final judgment of dissolution. We reverse.
Contempt does not lie to enforce payment of a marital debt to a third party pursuant to a final judgment of dissolution of marriage because the final judgment is in the nature of a property settlement. Broyles v. Broyles, 573 So.2d 357, 360 (Fla. 5th DCA 1990); Hobbs v. Hobbs, 518 So.2d 439 (Fla. 1st DCA 1988); Meadows v. Bacon, 489 So.2d 850 (Fla. 5th DCA 1986); Marks v. Marks, 457 So.2d 1137 (Fla. 1st DCA 1984).
Further, neither order contains the requisite finding of appellant’s present ability to pay the debts nor does the record contain any such finding by the lower court. The absence of a finding of appellant’s present ability to pay is a fatal defect requiring reversal. Bowen v. Bowen, 471 So.2d 1274, 1279 (Fla.1985); Fredericks v. Sturgis, 598 So.2d 94 (Fla. 5th DCA 1992); Mauldin v. Roman, 588 So.2d 667 (Fla. 5th DCA 1991); Broyles v. Broyles, supra.
Accordingly, we vacate the contempt orders because failure to pay marital debts pursuant to a court order is not subject to the contempt power of a court. Moreover, the trial court failed to make the requisite finding of a present ability to pay.
REVERSED.
GOSHORN, C.J., and W. SHARP, J., concur.