PER CURIAM.
The trial court’s denial of the wife’s motion for contempt is affirmed. Obligations incurred by a party in a marital property settlement are not subject to enforcement through contempt proceedings. See Finney v. Finney, 603 So.2d 92 (Fla.5th DCA 1992); Hobbs v. Hobbs, 518 So.2d 439 (Fla.1st DCA 1988).
We also strike as extraneous to the trial court’s ruling on the wife’s motion for contempt the final clause of the trial court’s order holding that “the Former Husband will not be required to pay the Second Mortgage in full at the sale but only to continue to pay the monthly payments in a timely manner” and the trial court’s findings relating to that clause. While the trial court is without jurisdiction to modify property rights after an adjudication of those rights has been made in a judgment of dissolution, Work v. Provine, 632 So.2d 1119, 1121 (Fla. 1st DCA 1994), our ruling is without prejudice to either party seeking, by appropriate petition, the trial court’s interpretation of the meaning of a provision in the marital settlement agreement. See, e.g., Salyers v. Good, 443 So.2d 152 (Fla. 2d DCA 1983); Maclaren v. Maclaren, 616 So.2d 104 (Fla. 1st DCA 1993).
AFFIRMED as MODIFIED.
WEBSTER, MICKLE and VAN NORTWICK, JJ., concur.