PER CURIAM.
The marriage of W.E. Bishop, Jr. (husband) and Patricia Bishop (wife) was dissolved on June 27, 1991. The final order of dissolution included the husband’s agreement to pay certain marital debts. The order also required the husband to maintain health insurance for the benefit of the parties’ two minor children.
The order presently here on review, dated September 20, 1994, finds that the husband failed to maintain the children’s health insurance, holds him in civil contempt for failure to pay a marital debt,[1] and orders him to pay the children’s incurred medical expenses ($5982.80), the marital debt ($4892.28), and the wife’s attorney’s fee ($500). The husband appeals that aspect of the order holding him in civil contempt.
This court has held that “[ojbligations incurred by a party in a marital property settlement are not subject to enforcement through contempt proceedings.” Taylor v. Taylor, 653 So.2d 1126, 1127 (Fla. 1st DCA 1995); cf. Hobbs v. Hobbs, 518 So.2d 439 (Fla. *247 1st DCA 1988) (holding that a husband cannot be imprisoned for failure to pay a third party a joint debt incurred by the husband and wife). We note however that the trial judge did not have the benefit of our decision in Taylor at the time he entered the order under review.
We thus reverse that part of the order holding the husband in civil contempt for failure to pay a marital debt, without prejudice to the wife to seek any other lawful means of enforcement in the event the debt is not satisfied as ordered. We affirm in all other respects.
Reversed in part, affirmed in part.
ERVIN, WOLF and LAWRENCE, JJ., concur.

. Although a finding of civil contempt was made, imprisonment was not ordered.