PER CURIAM.
Appellant seeks review of a final order denying her motion to enforce provisions regarding distribution of personal property which are a part of a marital settlement agreement incorporated into a final judgment of dissolution of marriage. The trial court concluded that it lacked jurisdiction to enforce those provisions. We disagree and, accordingly, reverse.
The determinative issue presented by appellant’s motion is which of the parties is entitled, pursuant to the marital settlement agreement, to items of personal property listed on an exhibit to appellant’s motion. Contrary to the trial court’s ruling, it clearly possessed jurisdiction to enforce the provisions of the marital settlement agreement regarding distribution of property, which had been incorporated by reference into the final judgment. E.g., Kennedy v. Kennedy, 638 So.2d 577 (Fla. 3d DCA 1994).
On remand, we direct the trial court to hold an evidentiary hearing to determine whether the provisions of the marital settlement agreement regarding distribution of property have been violated, as alleged by appellant. Should the trial court conclude that a violation has occurred, it is directed to determine what remedy would be most appropriate to enforce the agreement. Of course, because the dispute is over distribution of property, contempt is not available. E.g., Taylor v. Taylor, 653 So.2d 1126 (Fla. 1st DCA 1995).
REVERSED and REMANDED, with directions.
ERVIN, MINER and WEBSTER, JJ., concur.