697 So.2d 184 (1997)
Alexander E. MONTANEZ, Appellant,
v.
Maryann P. MONTANEZ, Appellee.
No. 96-05245.
District Court of Appeal of Florida, Second District.
July 18, 1997.
*185 Kathi B. Halvorsen, Sarasota, for Appellant.
Paulette R. Pace, Bradenton, for Appellee.
LAZZARA, Judge.
The former husband, Alexander Montanez, appeals one provision of the trial court's postdissolution order finding him in civil contempt for his willful failure to pay his portion of a joint marital debt owed to a third party and fixing a purge amount. He also seeks review of the trial court's determination that the former wife, Maryann Montanez, is entitled to an award of attorney's fees and costs relating to the enforcement of the former husband's obligation to pay the third party debt. We reverse the order of contempt as to the third party debt and deny review of the appeal as it pertains to the former wife's entitlement to fees and costs. In view of this disposition, we need not address the former husband's other contention that the trial court erred in determining that the former wife fulfilled her obligation as to payment of her share of the third party debt.
The final judgment of dissolution in this case incorporated by reference a written marital settlement agreement. One provision of that agreement obligated each party to pay a certain portion of a joint credit card debt to MasterCard and to hold the other party harmless by way of indemnification as to the portion of the debt assumed. Nothing in the agreement, however, provided that the former husband's obligation to pay his part of this debt was connected with any duty to pay the former wife spousal support. Thus, the former husband's liability under this provision arises solely from a division of property rights under a property settlement agreement. See Meadows v. Bacon, 489 So.2d 850 (Fla. 5th DCA 1986); Crea v. Willick, 473 So.2d 25 (Fla. 2d DCA 1985).
Under these circumstances, the trial court was prohibited by the well-settled law of Florida from using the power of civil contempt to compel the former husband to pay his share of this third party debt to Master Card. See State ex rel. Cahn v. Mason, 148 Fla. 264, 4 So.2d 255 (1941) (debts not involving support may not be enforced through contempt, even if given effect in a final judgment of dissolution, because to do so violates constitutional provision prohibiting imprisonment for debt); accord Hobbs v. Hobbs, 518 So.2d 439 (Fla. 1st DCA 1988); Meadows, 489 So.2d 850; Crea, 473 So.2d 25; Schminkey v. Schminkey, 400 So.2d 121 (Fla. 4th DCA 1981). Accordingly, we must reverse that part of the order finding the former husband to be in contempt for his failure to abide by the provision of the marital settlement agreement, incorporated into the final *186 judgment, obligating him to pay a portion of the third party debt to MasterCard.[1]
Our reversal, however, does not mean that the former wife has no other legal remedy of enforcing the former husband's obligation in the event that he does not satisfy this debt. See Crea, 473 So.2d 25 (although equitable remedy of contempt was not available to former wife to enforce former husband's obligation to pay third party debt, she had a remedy at law); accord Bishop v. Bishop, 667 So.2d 246 (Fla. 1st DCA 1995). Nor does it mean that the trial court is powerless to act in enforcing its judgment. See Seng v. Seng, 590 So.2d 1120 (Fla. 5th DCA 1991) (although contempt was not an appropriate enforcement mechanism, trial court could use other remedies such as judgment for arrearages to enforce former wife's guarantee to pay former husband under a promissory note executed by a third party); accord Collins v. Milazzo, 670 So.2d 1152 (Fla. 1st DCA 1996); Kennedy v. Kennedy, 638 So.2d 577 (Fla. 3d DCA 1994); Golub v. Golub, 336 So.2d 693 (Fla. 2d DCA 1976). Accordingly, our reversal is without prejudice to the former wife availing herself of any other legal means of enforcing the payment of this debt which may include petitioning the trial court to enforce this obligation through any appropriate remedy other than contempt.
We next address the former husband's complaint that the trial court erred in awarding attorney's fees and costs incurred by the former wife in the contempt proceedings in connection with the issue of the third party debt. As reflected in the order under review, the trial court only determined entitlement and left for another day the actual award of fees and costs. Because of this fact, we are without jurisdiction to review the issue of entitlement until such time as the trial court sets the amount to be awarded to the former wife. See, e.g., Ritter v. Ritter, 690 So.2d 1372 (Fla. 2d DCA 1997) (order which determines entitlement to fees and costs without setting the amount is a nonappealable, nonfinal order). Accordingly, we decline to review this aspect of the appeal. In setting the amount of fees and costs, however, the trial court must take into account our reversal of the finding of contempt for nonpayment of the MasterCard debt. See Ball v. Ball, 440 So.2d 677 (Fla. 1st DCA 1983).
Order of contempt reversed in part; review denied in part.
THREADGILL, A.C.J., and FULMER, J., concur.
NOTES
[1] Although not argued by the former husband, we note that the trial court's order of civil contempt is defective in another respect because neither the order nor the record contains a finding that the former husband has the present ability to pay this outstanding debt. See Meadows v. Bacon, 489 So.2d 850 (Fla. 5th DCA 1986) (citing Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985)).