IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

FLORIDA INVEST CONSULTANTS CORP.,

      Appellant,

 v.                                                                    Case No. 5D15-4206

CATALONIA PLAZA, LLC, CATALONIA
REAL ESTATE FLORIDA CORP.,
MANER, LLC AND FRANCISCO
JAVIER GARCIA,

      Appellees.

_____/

Opinion filed February 24, 2017

Appeal from the Circuit Court
for Orange County,
John Marshall Kest, Judge.

F. Scott Fistel, of Fistel Law Group, P.A.,
Ft. Lauderdale, for Appellant.

Alberto E. Lugo-Janer, of CPLS, P.A.,
Orlando, for Appellees.

PER CURIAM.

      Florida Invest Consultants Corp. ("Appellant") appeals the order granting

Appellees' motion to enforce the settlement agreement previously executed by the parties

that fully resolved the underlying litigation.  Appellant also appeals the separate order

granting Appellees' motion for recovery of attorney's fees incurred in seeking to enforce the agreement.

Reduced to its basic terms, the parties' settlement agreement provided that Appellant would pay the sum of $80,000 to Appellees and that Appellees would convey certain real property to Appellant by quitclaim deed. The agreement required Appellant to pay Appellees an initial $10,000 upon the "date of sale and delivery of the quitclaim deed," with the remaining monies to be paid in specified lump sum installments over the ensuing twelve months. Pertinent to this appeal, the settlement agreement also provided that in the event that a valid quitclaim deed was not delivered or the agreed upon payments were not made, requiring additional litigation to enforce the agreement, attorney's fees shall be awardable to the prevailing party.

Not long after executing the settlement agreement, each party believed that the other was not complying with the agreement, and they separately moved to enforce it. Appellant asserted that it did not receive a valid quitclaim deed from Appellees, while Appellees argued that they had not received all payments that had come due. Following a hearing, the trial court entered the order now under review and this appeal ensued.

Based upon our de novo review of the record containing largely undisputed material facts, we conclude that the trial court erred in granting Appellees' motion to enforce the settlement agreement because Appellees failed to deliver to Appellant a valid quitclaim deed. Accordingly, we vacate the order on appeal and remand this case to the trial court for further proceedings.[1]

_____

[1] At the time of the appeal, Appellant had paid $30,000 of the $80,000 that it owed to Appellees under the settlement agreement. We express no position as to the resolution

2

As to the separate issue of attorney's fees, although we have now vacated the order which provided the basis for the award, because the amount of attorney's fees was not determined in the attorney's fee order, we lack jurisdiction to review what amounts to a nonappealable, nonfinal order. *See Sanders v. Palmieri*, 849 So. 2d 417 (Fla. 5th DCA 2003) ("[A]n award of attorneys' fees does not become final, and, therefore, appealable until the amount is set by the trial court . . . ." (citing *Montanez v. Montanez*, 697 So. 2d 184 (Fla. 2d DCA 1997))).

ORDER GRANTING ENFORCEMENT OF SETTLEMENT AGREEMENT VACATED; CAUSE REMANDED. APPEAL OF ORDER FOR RECOVERY OF ATTORNEY'S FEES DISMISSED.

TORPY, LAMBERT and EDWARDS, JJ., concur.

---

of the case on remand but observe that this appeal could have readily been avoided simply by the execution of a valid quitclaim deed as Appellant requested at the hearing.