DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NICOLE BURLINSON,**
Appellant,

v.

**CRAIG WILSON,**
Appellee.

No. 4D2023-0464

[June 5, 2024]

Appeal from the County Court for the Nineteenth Judicial Circuit, Martin County; Brett M. Waronicki, Judge; L.T. Case No. 22001333MMAXMX.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

No appearance for appellee.

DAMOORGIAN, J.

Defendant, Nicole Burlinson, appeals her conviction and sentence for indirect criminal contempt for willfully and intentionally violating a court order pertaining to timesharing. We affirm Defendant's conviction without further comment. We reverse, however, the portion of Defendant's sentence: (1) imposing $100 in prosecution costs; and (2) requiring that Defendant, as a condition of probation, pay $1,983.20 in attorney's fees to appellee's counsel.

Regarding the prosecution costs, the record reflects that appellee's counsel prosecuted Defendant for indirect criminal contempt, not the state. In fact, as represented in the state's motion to be removed as a party in this appeal, "the State Attorney's Office for the Nineteenth Judicial Circuit was not appointed to prosecute the contempt charge." As such, the trial court could not impose costs of prosecution in this case. *See* § 938.27(8), Fla. Stat. (2023) ("Costs for the *state attorney* must be set in all cases at no less than $50 per case when a misdemeanor or criminal traffic offense is charged and no less than $100 per case when a felony offense is charged . . . ." (emphasis added)); *see also Leyritz v. State*, 93 So. 3d 1156,

1158 (Fla. 4th DCA 2012) (recognizing that the purpose of prosecution costs is "to *compensate the state* for the expenses of prosecution associated with individual violations" (emphasis added) (citation omitted)).

Regarding the requirement that Defendant, as a condition of probation, pay $1,983.20 in attorney's fees to appellee's counsel, such a condition is not authorized in indirect criminal contempt proceedings. *See Routh v. Routh*, 565 So. 2d 709, 710 (Fla. 5th DCA 1990) (holding that the trial court could not award attorney's fees to the wife's attorney who prosecuted the husband for indirect criminal contempt because "a judgment of guilt of criminal contempt should . . . not inure to the benefit of a private individual"); *Dowis v. State*, 578 So. 2d 860, 861 (Fla. 5th DCA 1991) (reversing the condition of probation requiring father to pay $500 to the attorney prosecuting the indirect criminal contempt charges because "the award of attorney's fees for prosecution of criminal contempt charges improperly skews the decision making process and is without authority"); *Lamb v. Fowler*, 574 So. 2d 262, 263 (Fla. 1st DCA 1991) ("We agree with [appellant] that if the lower court's order of contempt was properly entered for indirect criminal contempt, rather than for civil contempt, the award of attorney's fees for [appellee's] attorney would have been improper.").

*Affirmed in part, reversed in part, and remanded.*

MAY and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**