648 So.2d 819 (1995)
Bonnie DEHLER, Appellant,
v.
Richard DEHLER, Appellee.
No. 94-0392.
District Court of Appeal of Florida, Fourth District.
January 4, 1995.
Rehearing Denied February 8, 1995.
*820 Frederic D. Kaufman of Frederic D. Kaufman, P.A., Coral Springs, for appellant.
Louis J. Alfonso, Boca Raton, for appellee.
HERSEY, Judge.
This is an appeal from a final judgement dissolving a three year marriage. The parties have one child.
The former wife, Bonnie Dehler, raises eight issues in her brief. We find four of those to have merit.
The marital residence was encumbered by a mortgage which balloons, or requires payment in full, in 1997. Apparently, because it was not evident from the testimony of the parties that appellee, the former husband, would be able to pay this debt when it came due or to refinance the mortgage, the trial court ruled that appellant and the minor child should have occupancy only until the date when payment would be required. This was error. The general rule is that absent compelling financial reasons, the custodial parent should be awarded the exclusive use and possession of the marital home until the minor children reach majority or become emancipated, or the former wife remarries. Kanouse v. Kanouse, 549 So.2d 1035, 1037 (Fla. 4th DCA 1989) (citing Zeller v. Zeller, 396 So.2d 1177 (Fla. 4th DCA 1981)); Neustein v. Neustein, 503 So.2d 439 (Fla. 4th DCA 1987); Cabrera v. Cabrera, 484 So.2d 1338 (Fla. 3d DCA 1986). The existence of a mortgage calling for a balloon payment is not such a "compelling financial reason," although it may furnish the basis for a modification at the appropriate time. In any event, we understand from comments of counsel at oral argument that this issue may have become moot.
We next address the amount of child support. Pursuant to section 61.30(1)(a), Florida Statutes (1993), the child support guidelines

*821 presumptively establishes the amount the trier of fact shall order as child support in an initial proceeding for such support... . The trier of fact may order payment of child support in an amount which varies more than 5 percent from such guideline amount only upon a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate.
As we pointed out in Jones v. Jones, 636 So.2d 867 (Fla. 4th DCA 1994), this statute requires either a written order or specific findings on the record before the trial court may depart from the guidelines. Id. at 868. We cannot tell from the final judgment whether appellant's income figures are gross or net. In addition, no reasons are given to support a departure from the amount specified in the guidelines. On remand, both of these oversights should be corrected.
The final judgment fails to explain the status of any medical insurance which may be reasonably available for the child, as required by section 61.13(1)(b), Florida Statutes (1993). See Butler v. Brewster, 629 So.2d 1092 (Fla. 4th DCA 1994). Nor does it determine responsibility for the child's medical care. On remand the trial court should inquire into the availability of medical insurance and, in addition, should allocate responsibility for the child's reasonable medical expenses between the two parties.
Finally, despite uncontroverted evidence that the 1968 GTO automobile was a marital asset, the trial court awarded it to appellee without taking its value into account for computing equitable distribution. This, too, was error. Macaluso v. Macaluso, 523 So.2d 615 (Fla. 2d DCA), rev. denied, 531 So.2d 1354 (Fla. 1988). On remand, the trial court should make an adjustment consistent with section 61.075, Florida Statutes (1991).
In all other respects we affirm the final judgment.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GLICKSTEIN and KLEIN, JJ., concur.