POLEN, Judge.
In case number 94-1153, Karen Lee Zucker appeals from a final judgment of dissolution of marriage. In case number 94r-1493, Robert Zucker appeals from a final order awarding attorney’s fees and costs to Karen Lee Zucker. We affirm all points on both appeals, with the exception of one point on Karen Zuckeris appeal.
The point warranting reversal involves the absence from the final judgment of dissolution of any provision addressing the status of any medical insurance for the minor child, or the general responsibility for the child's medical care. In Dehler v. Dehler, 648 So.2d 819 (Fla. 4th DCA 1995), this court similarly noted that the final judgment failed to explain the status of any medical insurance reasonably available for. the child as required by 61.13(b), Florida Statutes (1993) [1], nor determine the responsibility for the child’s medical care. On remand this court ordered the trial court to inquire into the availability of medical insurance and in addition to allocate responsibility for the child’s reasonable medical expenses between the two parties. Id. at 821.
In accordance with our opinion in Dehler, we remand this case for the trial court to inquire into the availability of medical insurance, and to allocate responsibility for the child’s medical care. On remand, it is up to the trial court to decide if that determination can be made on the existing record or whether further evidence is needed.
SHAHOOD, J., and SPEISER, MARK A., Associate Judge, concur.

. Section 61.13(b), Florida Statutes (1993), provides in pertinent part:
(b) Each order for child support shall contain a provision for health insurance for the minor child when the insurance is reasonably available. Insurance is reasonably available if either the obligor or the obligee has access at a reasonable rate to group insurance. The court may require the obligor either to provide health insurance coverage or to reimburse the obligee for the cost of health insurance coverage for the minor child when coverage is provided by the obligee. In either event, the court shall apportion the cost of coverage to both parties by adding the cost to the basic obligation determined pursuant to s. 61.30(6).