PER CURIAM.
We reverse an order adjudicating Appellant in civil contempt. The record lacks support for a conclusion that Appellant’s failure to pay arrearages was willful and that he had the present ability to purge himself of contempt.
Appellant’s unimpeaehed evidence was that, after the dissolution, Appellant lost his job and was unemployed for several months, following which his income was substantially reduced. He immediately sought modification but his petition was not heard for over two years because the initial final judgment was on appeal. He also sought temporary relief incident to Appellee’s enforcement proceedings. Appellee offers no independent evidence to refute Appellant’s proof of reduced income and the record contains no evidence of bad faith on Appellant’s part. We note that Appellant’s payment of the monthly purge amount would absorb all or nearly all of his remaining net income after payment of alimony and child support.
We remand for further proceedings. See generally Bowen v. Bowen, 471 So.2d 1274, 1279 (Fla.1985); Phillips v. Phillips, 588 So.2d 9 (Fla. 2d DCA 1991; Kossmann v. *367 Kossmann, 550 So.2d 168 (Fla. 2d DCA 1989). As to all other issues, we affirm.
GLICKSTEIN, STONE and GROSS, JJ., concur.