PER CURIAM.
We reverse the order finding Appellant in civil contempt and setting a purge amount for his failure to pay child support. Appellant argues that there was never an order entered requiring him to pay a stated sum of support. The only order provided to this court represents that the parties agreed that support would be pursuant to the guidelines. See § 61.30, Fla. Stat. (1995).[1]
To obtain a guidelines amount of support the statute requires the consideration of several factors, including the parties’ incomes and deductions. See Section 61.30(2) & (3), Fla. Stat. (1995). Accordingly, we find this reference to the guidelines insufficient to support a contempt finding as it is not clear and definite so as to make Appellant aware of his obligation. See, e.g., Lawrence v. Lawrence, 384 So.2d 279, 280 (Fla. 4th DCA *935 1980). In fact, we note that the trial court’s contempt order does not reference any underlying support order.
We also reverse the trial court’s finding that Appellant has the ability to pay the purge amount. Such finding does not take into account that the purge amount provided would absorb nearly all of Appellant’s income. See Campbell v. Campbell, 679 So.2d 366 (Fla. 4th DCA 1996).
STONE, C.J., and STEVENSON and SHAHOOD, JJ., concur.

. Appellee did not file an answer brief or appendix.