906 So.2d 341 (2005)
Carlos A. NAVARRO, Appellant,
v.
Ann M. NAVARRO, Appellee.
No. 4D04-4752.
District Court of Appeal of Florida, Fourth District.
July 13, 2005.
*342 William C. Abruzzo of Abruzzo & Vissers, L.L.P., Palm Beach Gardens, for appellant.
Sherry L. Cooper, Jupiter, for appellee.
TAYLOR, J.
The former husband appeals a contempt order entered upon the former wife's motion for contempt for nonpayment of support. Because we conclude that the obligation in question was a property settlement, rather than a support order enforceable by contempt, we reverse.
While married, the parties jointly owned a stucco business, which they operated from their marital home. When they decided to divorce, they represented themselves pro se in their marital dissolution proceedings. They used a form Marital Settlement Agreement. In the section of the form titled "Marital Assets and Liabilities," there is a subsection titled "Contingent Assets and Liabilities." The parties chose this subheading under which to express the following (in pertinent part):
All assets will be divided between the both (sic) parties. Our business and financial matters will stay as they are, we do (sic) payroll together and split the difference 50/50.
The parties left the alimony and child support sections of the form blank, except that under subsection 7 of the child support section, titled "Other provisions relating to child support," the parties stated, in pertinent part:
Due to our business we are not setting child support or alimony guidelines at the (sic) time, our agreement is that we do our payroll and what is left is split 50/50 for each to pay there (sic) living expenses and the children and expense of the children are both parties responsability (sic).
The trial court incorporated this agreement into the final judgment of dissolution dated April 23, 2004.
After the divorce, the parties continued to operate the stucco business. Before the divorce, the former husband would deposit money received for subcontracting work into the joint business checking account. However, in May 2004, the first month after the dissolution, the former husband stopped depositing money into the account and stopped giving the former wife any money for support.
On August 11, 2004, the former wife filed a motion for contempt for nonpayment of support. At the hearing on the *343 motion, the former wife presented a May 17, 2004 invoice, which showed that the former husband netted $22,000 after payroll. She testified that she and the former husband discussed her $11,000 share of the money several times. Each time the former husband said he would come over to her residence to deliver the money, but he never did.
The Commissioner/General Master found that the May 17 invoice documented that the former wife was entitled to receive $11,000 in May 2004 as support for herself and the children. The trial court accepted the Commissioner's findings, adjudicated the former husband in contempt, and ordered his incarceration should he fail to pay the $11,000 purge amount within 20 days.
The interpretation and meaning of a marital settlement agreement incorporated into a final judgment of dissolution is subject to de novo review. See Kipp v. Kipp, 844 So.2d 691, 693 (Fla. 4th DCA 2003). Here, the Marital Settlement Agreement established only an obligation for the parties to split the proceeds of their business. This is a property settlement agreement, not an order for support. We conclude that the obligation to split the profits of an ongoing business, even when set forth in a dissolution decree, is not a support obligation which would be enforceable by contempt. See, e.g., Bishop v. Bishop, 667 So.2d 246 (Fla. 1st DCA 1995); Finney v. Finney, 603 So.2d 92, 93 (Fla. 5th DCA 1992).
Moreover, even if the trial court determined that a child support obligation was established by the language in the marital settlement agreement, no clear and definite amount for support was specified so as to hold the former husband in contempt or to create a presumption of his ability to pay pursuant to Bowen v. Bowen, 471 So.2d 1274 (Fla.1985).
Reversed.
WARNER and KLEIN, JJ., concur.