913 So.2d 1195 (2005)
Judith MORROW, Appellant,
v.
Walter David FROMMER, Appellee.
No. 4D04-4753.
District Court of Appeal of Florida, Fourth District.
October 12, 2005.
*1196 Stacey D. Mullins of Lavalle Brown Ronan & Soff, Boca Raton, for appellant.
Andrew M. Chansen, Boca Raton, for appellee.
*1197 SHAHOOD, J.
This is an appeal by Judith A. Morrow (the mother) from a Final Judgment Denying Father's Supplemental Petition to Modify Final Judgment. Walter David Frommer (the father) filed a timely cross-appeal.
The parties lived together and had a daughter, but were never married. Their daughter was born on February 27, 1999. On June 28, 1999, they executed a Settlement Agreement Regarding Paternity and Name Change. The stated purpose of the agreement was to "acknowledge paternity and change the name of the child." In addition, the agreement provided that the parties would have shared parental responsibility for the child with both parties conferring with each other on major decisions affecting the child. Pertinent to this appeal, the agreement contained the following provision:
3) The parties wish to refrain from determining primary residential parent, visitation, and support. The parties agree they are both equally responsible for the financial well being of their minor child, as well as the emotional well being, and wish to work together to that end without the Courts [sic] involvement at this time.
The trial court entered a Final Judgment of Paternity and Name Change incorporating the settlement agreement.
In April 2004, the father filed a Supplemental Complaint to Modify Final Judgment of Paternity and Name Change. He stated that since the entry of the final judgment, the parties no longer lived together and he requested that the court determine primary residential custody, visitation and support de novo. The father alleged that the mother had denied him visitation and contact with the child, and requested primary residential custody and child support from the mother.
Each party requested that the court designate him/her the primary residential parent and each sought child support. Both parties submitted financial affidavits and support guidelines worksheets.
The trial court entered a final judgment denying the father's supplemental petition to modify the final judgment. The court also denied the father's request for primary residential custody and/or rotating custody, finding that it was in the best interests of the child to stay with her mother. The father was designated the secondary residential parent and the parties were ordered to abide by the model time-sharing plan for parties within forty-five miles.
The final judgment failed to establish a child support award in accordance with section 61.30(9), Florida Statutes (2004). The court acknowledged the parties' agreement to share equally in the child's financial needs, but did not specifically quantify each parent's support obligation. This was error.
In the settlement agreement, the parties specifically refrained from addressing specific details of custody, visitation and support issues other than to state that they would share equally in the child's support. The father's petition sought a determination from the court on these issues. A substantial change in financial circumstances was not a prerequisite to granting such relief.
In determining child support, a trial court must either follow the statutory guidelines or give reasons explaining any deviation. See Crouch v. Crouch, 898 So.2d 177 (Fla. 5th DCA 2005); § 61.30, Fla. Stat. In either event, the guidelines are the starting point for the determination. Id. at 181.
*1198 In Crouch, the parties were financially very well off and the minor children's needs were being met from the income from trusts which had been established in their names by the maternal grandparents. Despite the father's request for a guidelines child support award, the trial court ordered no child support by either party, but ordered the parties to "share equally [in] the children's private school expenses as well as medical and dental insurance premiums and expenses." Id. at 179.
On appeal, the court held that, while the trial court properly considered the needs of the children and the custody situation, the court erred by failing to make adequate findings as to the earning ability of each parent and determining a guideline amount before ultimately exercising its discretion to deviate from the guideline suggestion. Id.; see also Navarro v. Navarro, 906 So.2d 341, 342 (Fla. 4th DCA 2005) (holding that a determination by the trial court of a clear and definite amount for support is necessary in establishing a party's ability to pay and in enforcing the obligation in future proceedings), and Escribano v. Coviello, 698 So.2d 934 (Fla. 4th DCA 1997) (settlement agreement which merely states that child support obligation would be according to the guidelines was not clear and definite enough to apprise father of his obligation).
The father in this case argues that the child support obligation is accurate in light of the custody arrangement or, alternatively, that the judgment should be affirmed because there is no transcript of the hearing. The child custody arrangement may very well be a consideration in deviating from the guidelines, but the trial court did not indicate that as a basis for deviation.
Despite the lack of a transcript, we reach the merits because the error is apparent on the face of the judgment. Thus, although it was not necessarily error for the trial court in this case to deviate from the guidelines based on the circumstances of the parties, it was error for the court not to make findings supporting the deviation. We, therefore, remand to the trial court to make findings supporting the decision to deviate from the guidelines or, in the alternative, to make a definitive child support determination.
We also hold that it was error for the court not to make a specific provision regarding the child's health insurance. See § 61.13(1)(b), Fla. Stat. (2004) ("Each order for support shall contain a provision for health care coverage for the minor child when the coverage is reasonably available."). The father argues that the trial court did not err in failing to order him to pay health insurance because the mother did not ask for any relief in regard to this matter in her answer brief, or within her pleadings at trial.
The case of Dehler v. Dehler, 648 So.2d 819, 821 (Fla. 4th DCA 1995), involved a dissolution of marriage where the final judgment failed to explain the status of any medical insurance which may have been reasonably available for the child, as required by Florida statutes. In that situation, this court held that, although the trial court was not presented with the issue, the issue needed to be decided. The case was remanded so that the trial court could inquire into the availability of medical insurance and allocate responsibility for the child's reasonable medical expenses between the two parties. See id. at 821; see also Zucker v. Zucker, 672 So.2d 604 (Fla. 4th DCA 1996) (holding that remand was required due to fact that final judgment of dissolution did not contain any provision addressing status of any medical insurance for parties' child or general responsibility for child's medical care). Likewise, we must remand to the trial court with directions *1199 to make a determination as to each party's specific obligation for medical insurance for the child.
In his cross-appeal, the father asserts that the court erred in not awarding him an equal time share with his daughter. Lacking from his argument is any reference to the best interests of the child. The mother urges affirmance on this issue because the father did not plead for rotating custody or otherwise argue at the hearing that rotating custody was in the best interests of the child. We agree with the mother's position on the cross-appeal, and affirm.
A trial court's determination of a child's primary physical residence is subject to an abuse of discretion standard of review. See Sullivan v. Sullivan, 668 So.2d 329, 329-30 (Fla. 4th DCA 1996). The trial court's decision concerning custody will not be disturbed unless there is no substantial competent evidence to support that decision. See Adair v. Adair, 720 So.2d 316, 317 (Fla. 4th DCA 1998). In deciding a child's custody, the trial court must evaluate the factors listed in section 61.13, Florida Statutes, and determine the best interests of the child. Id. at 317. The final judgment in this case shows that the trial court appropriately considered each of the factors and found that "the parties equally satisfy [the factors] except (c) and (m) favor the mother." Thus, we affirm the custody award.
Affirmed in part; Remanded in part with directions.
STONE and MAY, JJ., concur.