995 So.2d 1091 (2008)
Yanelys MARTINEZ, Appellant,
v.
Rolando MARTINEZ, Appellee.
No. 3D07-1743.
District Court of Appeal of Florida, Third District.
November 26, 2008.
*1093 Brandon A. Rotbart, Miami Beach, for appellant.
Rolando Martinez, in proper person.
Before RAMIREZ and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
RAMIREZ, J.
Yanelys Martinez appeals her final judgment of dissolution of marriage. We affirm in part and reverse in part as follows.

1. Factual Background
The parties married on August 12, 1998 and are the parents of two children. In February of 2004, the husband moved out of the family home, and he filed for divorce on August 23, 2004. Altogether, the parties experienced a fifteen-year relationship and nine-year marriage. The parties have been engaged in bitter litigation over three years during which time at least six lawyers have represented the husband and nine judges have overseen the family case. Most of the acrimony can be traced to the husband, who represents himself in this appeal.
The parties' major assets consisted of the marital home, two vehicles, and the husband's landscaping business. In addition, there is the landscaping business, which the husband established in 1997. In his initial affidavit, the husband claimed that he earned a gross monthly income of $3,862.85, which equated to a gross yearly income of $46,354.20. The wife's expert at trial testified that the husband's yearly income was $172,000.00.
The record reflects that the husband failed to comply with numerous court orders, including a court mandated temporary support order of November 30, 2004. Various orders of contempt followed. During this time, the wife experienced the repossession of her car, the loss of the home's water and electricity, and the foreclosure and subsequent sale of the parties' marital home.
The husband also dissipated the equity in the marital home. The trial court allowed the husband to access an equity line on the marital home, but the husband successfully accessed significantly more than the sum allowed. At the time of the parties' separation, the value of the marital home was approximately $300,000.00, and the home had a mortgage of $120,000.00. The husband also was able to sell the parties' marital home during the pendency of the present case in direct contravention of a family court order. This occurred when the husband filed for personal bankruptcy and sold the home during the course of that proceeding.
*1094 Additionally, the husband consistently refused to comply with discovery as it applied to the disclosure of his true income. The trial court found him in contempt on May 2, 2005 for failing to produce documentation. The trial court further sentenced the husband to forty-five days in jail. A general magistrate faulted the husband's behavior in September of 2005. The magistrate found that the husband had information erased from his computer, and that there was no plausible explanation for missing hundreds of invoices, other than the husband's desire to conceal his full income.
On the hearing date of August 9, 2006, the husband had yet to produce various financial documents. During a series of direct-examination questions, the husband was evasive in his responses regarding his finances and his business.
The final dissolution of marriage designated the wife the primary residential parent. The trial court found that the wife had contributed to alienation of the husband from his children, and that the husband had expressed no desire to visit with his children. The trial court believed, however, that there should be visitation and, eventually, shared parental responsibility. The trial court further found that, even if the then-existing restraining order was extended, the children should be brought to Family Court Services for supervised visitation and re-unification with the husband. If the restraining order was not extended, then Family Court Services needed to aid in the re-unification of the children with the husband.
The trial court gave very specific orders on the manner of visitation. The trial court first recognized the parties' failure to comply with a previous referral to Family Court Services for alienation and re-unification assistance. Upon the recommendation of the Family Court Services and the completion of the re-unification program, the trial court ordered a detailed visitation schedule subject to the agreement of the parties.
The trial court further found that the husband's monthly income was at least $10,000.00. The trial court specifically found that the wife's expert's testimony and analysis as to the value of the husband's business and the business' annual income was logical and credible. The trial court imputed income of $987.30, for a total amount of $10,987.30. The court reduced that amount by five percent and ordered the sum of $2,117.87 per month in child support.
Additionally, the trial court ordered the husband to obtain health insurance for the children "if it [was] financially feasible for him." The court also ordered the wife to apply for Kid Care.
The trial court gave careful consideration to the division of assets and liabilities, specifically each party's contribution to the marriage. The court found that the husband's evidence was not credible and that he had diverted marital assets to his girlfriend. The court awarded the husband his landscaping business, but assessed $92,119.50 as the wife's half of the business' value, payable in either a lump sum or in five annual installments.
The trial court did not award permanent alimony to the wife. The court, however, ordered the husband to pay the wife $2,000 per month for thirty-six months as bridge-the-gap alimony.
During the course of the underlying proceedings, the trial court orally awarded the wife $30,000 in attorney's fees. In its written order and final judgment, the trial court found that the wife was entitled to recover $25,000.00 in attorney's fees and costs. A hearing on attorney's fees never *1095 transpired, and the trial court denied reconsideration of the attorney's fees award.

2. Discussion
The standard of review for a dissolution of marriage proceeding is abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).

a. Custody and Visitation
The wife argues that the trial court should have awarded her sole custody of the children. She contends that the court's failure to do so restricts her ability to travel with the children to visit her family. The wife further argues that there is no basis for the trial court's award of any visitation to the husband.
The language of the final judgment, however, unequivocally establishes that the wife has sole parental responsibility of the children. The final judgment also unequivocally permits the husband to visit with the minor children provided that he participates in Family Court Services. The wife thus has sole custody of the children, and she should be able to obtain the necessary travel documentation without the husband's cooperation and consent.
The wife is correct that the trial court inappropriately expressed its belief that there should eventually be shared parental responsibility, and that the husband should be included in the decision-making process when it comes to his daughters. Such language should be stricken. The possibility of the father's shared parental responsibility has not yet arisen. This is an issue that may be addressed at future modification proceedings, upon motion, provided the parties show an appropriate change of circumstances. Furthermore, to include any decision-making role to a husband who has admittedly refused to see his children for years is clearly erroneous.

b. Child Support
We also agree with the wife that the trial court erred when it reduced the husband's income during the court's calculation of child support. The record evidence simply does not support the trial court's determination of child support. Section 61.30, Florida Statutes (2008), sets forth the child support guidelines. Under that section, child support is based upon the parties' income. The parties' income in turn is based upon evidence that must be credible. See Deoca v. Deoca, 837 So.2d 1137 (Fla. 5th DCA 2003). We review the trial court's imputation of income, for purposes of determining a parent's child support obligation, for competent, substantial evidence to support the determination. See Gerthe v. Gerthe, 857 So.2d 306 (Fla. 2d DCA 2003).
There is no competent and substantial evidence to support the trial court's determination of child support. The record reflects that the husband neither cooperated with the court in the court's attempt to determine his true income nor did the husband introduce evidence that would lead to an accurate computation of his income level. The evidence reflects that the husband diverted assets, most notably to his girlfriend. In its final judgment, the trial court specifically found that the wife's expert's testimony and analysis was logical and credible. The expert's testimony in effect assessed the husband's monthly income at $14,000. This amount is greater than the amount the trial court actually used in its determination of child support. There is thus no basis in fact or in law to reduce the husband's income in the determination of the husband's child support obligation.

c. Health Insurance
There is no support for the trial court's provision that made the husband's *1096 obligation to pay for health insurance aspirational. The payment of health insurance should not be made obligatory only if it is "financially feasible." This does not comply with the statute establishing the payment of health insurance. Section 61.30(8) sets forth a requirement that health insurance costs "shall be added to the basic obligation." The trial court is indeed obligated to make a specific provision regarding a child's health insurance. See Morrow v. Frommer, 913 So.2d 1195 (Fla. 4th DCA 2005). See also Dehler v. Dehler, 648 So.2d 819 (Fla. 4th DCA 1995). What the husband will do with such language is entirely predictable. The trial court thus erred when it failed to order the husband to provide health insurance for the children.

d. Alimony and Support
The trial court also erred when it awarded the wife thirty-six months of alimony at an amount of $2,000 per month. The court failed to consider all of the statutory factors outlined in section 61.08, particularly the language regarding "any other factor necessary to do equity and justice between the parties." When considering equitable distribution, the trial court described the husband's outrageous behavior in dissipating the parties' only substantial asset, the marital home, but then failed to consider such circumstances in awarding only bridge-the-gap alimony. It is unclear whether the court gave any weight to the fact that husband has left the wife at a tremendous economic disadvantage while diverting funds to his new girlfriend.
The trial court also erred in refusing to enforce the support order dated November 30, 2004. The court stated that "[n]o evidence or testimony was presented by either party to support or deny a claim for any arrearage in temporary support from October 17, 2005 to the date of the final hearing." The record, however, shows that the wife filed motions to compel and for contempt, including her motion of January 16, 2007, seeking arrearages in the amount of $27,434.11 owed prior to the husband's bankruptcy petition of October 16, 2005, and $28,303.49 for support owed after the filing of the petition.

e. Attorney's Fees
The trial court erred when it failed to properly award attorney's fees in favor of the wife. We agree that the wife is entitled to an award of attorney's fees, but disagree that the amount awarded is adequate. This dissolution of marriage proceeding occurred over a period of years, during which time numerous attorneys were involved. It is quite evident from the record that the husband caused these attorneys to spend an extraordinary amount of time and effort at every step of the litigation.
For these reasons, we reverse the award of attorney's fees. We further remand the cause for a hearing on the issue of attorney's fees.

3. Conclusion
In sum, we reverse the trial court's determination of child support, health insurance, alimony, and child support. We further reverse the trial court's award of attorney's fees in the wife's favor, and remand the cause for further proceedings on the issue of attorney's fees consistent with this opinion. The final judgment is affirmed in all other respects.
Affirmed in part and reversed in part.