DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CARMEN THERMIDOR,**
Appellant,

v.

**EDVA PIERRE,**
Appellee.

No. 4D2024-2133

[August 13, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cheryl A. Caracuzzo, Judge; L.T. Case No. 50-2022-DR-002884-XXXX-NB.

Carlton Pierce of Carlton Pierce, P.A., Boynton Beach, for appellant.

No appearance for appellee.

KLINGENSMITH, J.

Appellant, Carmen Thermidor ("Wife"), timely appeals a final judgment of dissolution of marriage ending her marriage to appellee, Edva Pierre ("Husband"). On appeal, Wife argues the trial court erred in its imputation of income to her and determination of child support and alimony based on this incorrect income. She also argues that the trial court failed to credit her for after-school care expenses in deciding child support, and that the final judgment is irreconcilably inconsistent with the court's child support guidelines. We agree on these arguments and reverse.[1]

## *Facts*

Husband filed for dissolution after twelve years of marriage. The parties have two minor children: S.P., who is thirteen years old, and B.P., who is fourteen years old with special needs. Husband is an electrician and was the majority financial provider during the marriage. He gave Wife a $300 weekly allowance during the marriage and continued to pay this amount as temporary support throughout the dissolution proceedings.

---

[1] We affirm without discussion all other issues which Wife has raised.

Throughout the marriage, Wife was primarily a stay-at-home mother. At the time of trial, she was working toward a nursing degree, for which she began taking classes in 2017. The trial court found Wife "is expecting to have her nursing degree within the year." Wife further testified that she is raising both children while facilitating B.P.'s care. She has nonetheless been working part-time twice a week.

Wife testified that she asked Husband for help with the children while she was in school, but he could not watch them due to his own work, so they decided to enroll the children in after-school care, which costs $716 per month, or about $8,500 per year. The parties agreed Wife would enroll both children in after-school care, and she would pay for S.P.'s care while Husband would pay for B.P.'s care. However, Wife testified that although she had paid for S.P.'s care, Husband had not paid for B.P.'s care, and B.P.'s school was owed $5,400. As a result, the school informed her that B.P. could no longer stay for after-school care, which requires Wife to pay someone to pick him up if she is in class.

After the hearing, the trial court entered the final judgment of dissolution of marriage. Although Wife testified that she could only work part-time while raising the children and pursuing her nursing degree, with her financial affidavit reflecting a monthly net income of $798, the court found:

> [Wife] testified that she only working (sic) part time but provided no credible reason as to why is (sic) she is not employed full-time. Therefore, the Court imputes minimum wage to her for a gross month income of $2080.00. Neither party provided the Court with her net income so the Court calculated this income using smartasset.com and it calculated income as a single person to be approximately $1828.00 a month net.

The trial court found that Husband's monthly net income was $5,989.00, based on his financial affidavit. After establishing the parties' incomes, the trial court made the following alimony determination:

> The maximum [amount of durational alimony] the court can allow under the statute is 35% of the difference between the net incomes, which is approximately $1456.35. The Court has considered that the Husband has been paying temporary alimony of $1200.00 a month and the living expenses of the

2

marital home, which they shared until recently. The Court has also considered that the Wife anticipates she should have her nursing degree within the year, which will provide her with more income. Therefore, the Court orders the Husband to pay the Wife durational alimony each month for $1200.00 for a period of five (5) years.

The trial court also ordered Husband to pay Wife $469.02 per month in child support. In doing so, the trial court found $0 in total monthly child care costs and awarded neither party any credit for child care payments made. The trial court also found that Wife's $5,400 debt to B.P.'s school was a nonmarital debt because it was incurred after the petition for dissolution of marriage was filed. This appeal follows.

## *Analysis*

### *Imputation of Income*

We review a trial court's decision to impute income for abuse of discretion. *Waldera v. Waldera*, 306 So. 3d 1037, 1039 (Fla. 3d DCA 2020). "In order to properly impute income, trial courts 'must find that the parent owing a duty of support has the actual ability to earn more than he or she is currently earning, and that he or she is deliberately refusing to work at that higher capacity to avoid support obligations.'" *Id.* at 1041 (quoting *Seilkop v. Seilkop*, 575 So. 2d 269, 270 (Fla. 3d DCA 1991)). A finding that a parent is voluntarily underemployed may also support imputation of income if there is competent, substantial evidence of voluntary unemployment. *Id.*; *see also* § 61.30(2)(b), Fla. Stat. (2023) ("Monthly income shall be imputed to an unemployed or underemployed parent if such unemployment or underemployment is found by the court to be voluntary on that parent's part . . . .").

In *Waldera*, the former wife appealed the trial court's imputation of income to her, where the court found that she could work for at least twenty hours a week despite her unrebutted testimony that she could only work sporadically because she was homeschooling the child full-time. 306 So. 3d at 1041–42. On appeal, the Third District concluded the trial court had abused its discretion in finding that the former wife could work twenty hours based "on nothing but the trial judge's suspicion that the child's homeschooling was unnecessary." *Id.* at 1043.

Similarly, in this case, the final judgment acknowledges that Wife is the children's caretaker. Additionally, Wife gave unrebutted testimony that

she was a full-time stay-at-home mother and could only work part-time, commuting several hours a week to take the children to school and B.P. to his weekly therapies while also working toward her nursing degree.

Like *Waldera*, the trial court here decided, over unrebutted testimony, that Wife had more time to work than she claimed to have. However, the trial court's finding that Wife was able to work full-time is not supported by competent, substantial evidence in the record. Thus, the trial court erred in imputing full-time income to her. *See Valby v. Valby*, 317 So. 3d 147, 152–53 (Fla. 4th DCA 2021) ("Although a trial court is free to reject even unrebutted testimony, there must be some evidentiary basis for its findings." (quoting *Cheek v. Hesik*, 73 So. 3d 340, 345 (Fla. 1st DCA 2011))). We therefore reverse for the trial court to recalculate Wife's income, and the resulting child support and alimony awards. Because the court will consider these matters anew, we also address additional errors in the final judgment which must be corrected in any revised final judgment.

### Child Support

We review a trial court's child support award for abuse of discretion. *See Johnson v. Johnson*, 313 So. 3d 651, 656 (Fla. 4th DCA 2021). Additionally, "[i]n determining child support, a trial court must either follow the statutory guidelines or give reasons explaining any deviation." *Morrow v. Frommer*, 913 So. 2d 1195, 1197 (Fla. 4th DCA 2005).

Section 61.30, Florida Statutes (2023), sets forth the statutory guidelines that a trial court must follow in determining child support. Section 61.30(7), Florida Statutes (2023), provides:

> Child care costs incurred due to employment, job search, or education calculated to result in employment or to enhance income of current employment of either parent shall be added to the basic obligation. After the child care costs are added, any moneys prepaid by a parent for child care costs for the child or children of this action shall be deducted from that parent's child support obligation for that child or those children. Child care costs may not exceed the level required to provide quality care from a licensed source.

Thus, the cost of after-school care, necessary for Wife to obtain her nursing degree, should have been added to the basic monthly obligation. Additionally, any amounts which Wife had prepaid for the children's after-

4

school care should have been deducted from her child support obligation, at least to the extent the actual expenses are in line with "the level required to provide quality care from a licensed source." § 61.30(7), Fla. Stat. (2023).

The trial court also erred in listing Wife's $5,400 debt to B.P.'s school as a nonmarital liability because after-school care is a type of "child care cost" under section 61.30(7) when the costs are attributable to education which will enhance the income of either parent. *See Johnson*, 313 So. 3d at 657–58 (reversing for trial court to account for daycare expenses former wife had paid). On remand, the basic monthly obligation shall include the costs of after-school care, and any amounts prepaid by Wife shall be deducted from her personal obligation.[2]

Additionally, the final judgment and child support guidelines are irreconcilably inconsistent. The final judgment provides:

> The Child [sic] is currently insured but the Father may insure the child [sic] through his employment. Any uncovered costs or unreimbursed health care expenses incurred for the minor children **shall be allocated between the parties pursuant to their child support percentages established in the calculation of child support. The Husband shall pay 50% and the Wife should pay 50% of the reasonable and necessary costs** of uncovered and unreimbursed health care expenses of the minor children.
>
> Any expenses for extra-curricular activities for the minor children shall be allocated between the parties pursuant to their child support percentages established in the calculation of child support. The Husband shall pay 50% and the Wife should pay 50% of these expenses.

(Emphasis added). However, the child support guidelines attached to the final judgment provide Husband is responsible for 66.42% of childcare expenses, while Wife is responsible for 33.58%. On remand, the final

---

[2] At the hearing, the evidence was unclear as to how much Wife had actually paid for after-school care based on the parties' agreement for paying these expenses. On remand, the trial court must take evidence as to this purported agreement, the costs of each individual child's after-school care, and the amounts which Wife had paid toward the after-school care. *See Johnson*, 313 So. 3d at 658 ("The trial court is permitted to take additional evidence as may be needed to enter amendments to the final judgment in compliance with this opinion.").

judgment and child support guidelines must be consistent with each other. *See A.A. v. D.W.*, 326 So. 3d 1186, 1188 (Fla. 2d DCA 2021) ("[W]e must reverse and remand for the trial court to clarify these inconsistencies and enter an amended final judgment and parenting plan that are consistent with each other.").

### *Alimony*

We review the lower court's determination of alimony for abuse of discretion. *Inman v. Inman*, 345 So. 3d 320, 323 (Fla. 4th DCA 2022) (citing *Rabadan v. Rabadan*, 322 So. 3d 660, 661 (Fla. 4th DCA 2021)). We review mathematical errors de novo. *Henry v. Henry*, 191 So. 3d 995, 997 (Fla. 4th DCA 2016) (citing *Kareff v. Kareff*, 943 So. 2d 890, 892 (Fla. 4th DCA 2006)).

The trial court used the temporary support amount that Husband was paying during the proceedings as the durational alimony amount in the final judgment. The court wrote that Husband had been paying temporary support of $1,200 per month, while Husband was paying $300 per week, creating a discrepancy as to this amount.[3] If the alimony amount is based on the temporary support payments that were made, the evidence does not support the trial court's award of $1,200 per month and should be corrected.

### *Conclusion*

The trial court erred in imputing full-time income to Wife despite a lack of competent, substantial evidence that she could work more than part-time because of her roles as a student and as the children's full-time caretaker, which Husband did not refute at the hearing. The erroneous income imputation affected both the alimony and child support awards. Additionally, in determining child support, the trial court failed to add the children's after-school care costs to the basic monthly obligation and failed to credit Wife with the amounts which she had actually paid for the care. The final judgment's allocation of additional child expenses is also irreconcilably inconsistent with the trial court's child support guidelines.

We therefore reverse the final judgment and remand for the trial court to recalculate Wife's imputed income and to determine alimony and child support. The trial court shall also reconsider Wife's request for attorney's

---

[3] Most months are slightly longer than four weeks, thus weekly payments accumulate faster over time.

fees after recalculating Wife's income and redetermining the spousal support awards. *See Gudur v. Gudur*, 277 So. 3d 687, 693–94 (Fla. 2d DCA 2019) (instructing that request for attorney's fees must be reconsidered in light of reversal of equitable distribution).

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY and FORST, JJ., concur.

\*    \*    \*

***Not final until disposition of timely filed motion for rehearing.***